IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MESUE JACKSON,<br>    Plaintiff | )<br>)<br>)<br>) | |
| | ) | 10 cv 01988 |
| v. | )<br>)<br>) | Hon. Samuel Der-Yeghiayan, |
| CHICAGO-KENT COLLEGE OF LAW,<br>    Defendant | )<br>)<br>) | Judge presiding |

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

The defendant, Illinois Institute of Technology (IIT), by counsel, in support of its Motion to Dismiss, states the following:

**I)** **IIT is a private institution.**

In *Cohen v. Illinois Institute of Technology*, 524 F.2d 818, 824 (7th Cir. 1975), then–Circuit Judge Stevens found that IIT is a private institution and its involvement with state and federal funding does not convert to higher or different duties. This finding and its analysis resonate throughout the analysis here.

**II)** **Plaintiff's disability complaint must be dismissed under Rule 12 (b)(1).**

Before reaching the lack of jurisdiction over parts of this claim, because defendant is not a public entity, one should consider the scattershot allegations of

"accommodation" that plaintiff states this law school should afford her. She has admitted that her LSAT score is low; she has admitted that "normal" admissions processes would disqualify her (see Motion to Dismiss, ¶5). Yet her complaint speaks, quite generally, of "accommodation". One might think that an "accommodation" would involve more time to complete the test or other test–taking variations, not how one is to interpret the low score. Plaintiff's grumble lies elsewhere, not with this defendant.

Moreover, her various generalities of "disability" fall because a) IIT is not a public entity (a requirement of Title II of the ADA[*]) and b) because she fulfilled none of the required notice provisions (Section 504 of the Rehabilitation Act [**]). That aspect of her complaint must be dismissed pursuant to rule 12 (b)(1). She cannot in good faith plead compliance with the required preconditions.

### III) Plaintiff's age complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(1) and 12 (b)(6)

There is nothing in plaintiff's complaint that suggests that she even came close to complying with the statutory schema required under the Age Discrimination Act.[***]

A mere scan, much less a perusal, of this complaint shows that plaintiff did not even plead her own age, did not plead that she is in an age-protected class or that she exhausted her remedies, or complied in any way with the statute.

---

[*] 42 U.S.C.§§ 12101, et seq.
[**] 29 U.S.C. § 794
[***] 42 U.S.C. §§ 6101, et seq.

(Nowhere in the complaint is it alleged that plaintiff filed an age complaint with OCR.) The "age" aspect of her claim must be dismissed.

**IV) <u>Gender and race claims are fatally flawed and must be dismissed.</u>**

    a) <u>Plaintiff's admissions control decision here.</u>

Plaintiff herself has admitted that IIT had a legitimate, non-discriminatory reason for denying admission to her, as recited in paragraph 5 of the Motion to Dismiss. Her convoluted attempts to explain or obviate her low LSAT score simply fail. This defendant need not, in this court, justify its decision to not admit plaintiff when she herself admits the good and sufficient reasons why. Whether as admissions that plead her out of court, because her complaint is not plausible, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), or as simply Rule 12 (b)(6) deficient pleadings, the complaint must be dismissed.

    b) <u>The statute of limitations, on the face of the complaint, compels dismissal.</u>

As stated in plaintiff's own complaint (¶ 6), the last denial of admission to IIT's law school was on March 7, 2008. Yet this complaint was first filed (March 30, 2010) and then entered in the docket (May 10, 2010): each date is more than 2 years since the last denial. (That assumes that repeat applications would extend the statute – doing the same thing over and over as if there would be a different result.)

        Generally, the statute of limitations for claims such as plaintiff's is two years, based upon the state statute (735 ILCS 5/13-202) usually

harnessed for this analysis. See e.g. *Jones v. R.R. Donnelley and Sons Co.,* 305 F. 3d 717, 723 (7th Cir. 2002); *Conley v. Village of Bedford Park,* 215 F. 3d 703,710 (7th Cir. 2000); *Smith v. City of Chicago Heights,* 951 F.2d 834 (7th Cir. 1992)

Thus, to the extent that the two-year statute applies, as it should, all the claims are time-barred and therefore must be dismissed.

**V)** **Conclusion**

For the reasons stated, defendant requests dismissal with prejudice of the complaint in all respects.

s/Terence E. Flynn<br>Attorney for Defendant

Terence E. Flynn
Law Office of Terence E. Flynn
53 W. Jackson Blvd.
Suite 1231
Chicago, IL 60604
312-346-1378, 773-401-7256
ARDC:    0840157